21218.   MORGAN *et al.* v. MADDOX, Executor, *et al.*

ARGUED APRIL 10, 1961—DECIDED MAY 9, 1961.

*Jones & Douglas, Paul J. Jones, Jr.,* for plaintiffs in error.
*B. B. Hayes, H. Dale Thompson,* contra.

MOBLEY, Justice. The controlling question in this case is whether or not the petition sets forth a cause of action for the specific performance of a contract for the sale of land.

*Code* § 37-801 states: "Specific performance of a contract (*if within the power of the party*) will be decreed generally whenever the damages recoverable by law would not be an adequate compensation for the nonperformance." (Italics ours.)

"Equity will not decree specific performance of a wholly impossible act, for the reason that it will not decree a useless thing." *Whiteway Neon-Ad v. Maddox*, 211 Ga. 27, 33 (83 S. E. 2d 676).

The plaintiffs concede their unwillingness to accept that part of the property which the defendant Maddox might have been capable of conveying, i. e., a one-half undivided interest, and insist that the defendant Maddox *and* the defendant Clark specifically perform under the terms of the lease-option contract.

Thus it is apparent that, unless the allegations contained in the petition show some legal or equitable basis for requiring the defendant Clark to specifically perform under the terms of a contract to which she was not a party, the plaintiffs have failed to set out a cause of action.

The plaintiffs contend that the defendant Clark, by joining the defendant Maddox in the distress and dispossessory proceedings sought to be enjoined, has acknowledged that the plaintiffs are her tenants, the relationship of landlord and tenant being essential to those proceedings. The plaintiffs further contend that such a relationship could come into being only by virtue of the lease agreement entered into between the plaintiffs and Maddox.

The plaintiffs concede that there is no question of ratification involved, but contend that, in view of the conclusions above alleged, the defendant Clark is now *estopped* to deny that the lease and option were not intended to bind her as well as her cotenant Maddox.

The plaintiffs' conclusion, that the landlord-tenant relationship claimed by Clark in her distress and dispossessory proceedings could arise only by virtue of the lease to which she was not a party, cannot be supported.

The general rule is that one tenant in common cannot bind his non-consenting cotenant by a lease of more than his own undivided interest in the common property, and the lessee's holding is to be considered as a tenancy at will, i. e., a tenancy at the will of the non-consenting tenant as to his interest in the common property. *Roberts v. Burnett,* 164 Ga. 64 (137 S. E. 773). When such a lease is ended and the lessee holds over, the non-consenting cotenant may treat him as a tenant at sufferance and may dispossess him.

An estate at sufferance arises where one comes into possession of the land by lawful title, but keeps it afterward without any title at all. *Willis v. Harrell,* 118 Ga. 906 (3), 908 (45 S. E. 794); *Taylor v. West,* 142 Ga. 193 (82 S. E. 518). The original entry need not have been under lease or as a tenant of the dispossessing landlord. *Kimbrough v. Kimbrough,* 99 Ga. 134 (2) (25 S. E. 176). A tenant at sufferance may be evicted by a dispossessory warrant where he fails to surrender the premises on demand. *Stanley v. Stembridge,* 140 Ga. 750 (79 S. E. 842).

The plaintiffs' petition also alleges that the defendant Clark in her distress warrant claims rent, not for the term of the lease, but rather for that period of time which had elapsed since the termination of the lease. The petition alleges that the amount thus distrained for is "based on the amount of $100 per month as provided in the lease agreement." This allegation fails to show any basis for estopping the defendant Clark from denying liability under the lease-option.

The plaintiffs' attempt to invoke the doctrine of estoppel in aid of their contract is incomplete. "The doctrine of estoppel in pais is predicated upon a change of position to the hurt of one of the parties acting on the representations or conduct of the other." *Lynch v. Poole,* 138 Ga. 303 (75 S. E. 158). The petition contains no allegations of reliance or legal detriment because of such reliance. In fact the defendant Clark's whole attitude, as gathered from the petition, is one of repudiation of the lease-option agreement.

Applying the above-stated legal principles to the allegations of the petition, the trial court did not err in sustaining the defendants' general demurrers.

*Judgment affirmed. All the Justices concur.*