30138. LAY et al. v. MUNFORD, INC. et al.

NICHOLS, Chief Justice.

The Court of Appeals in *Munford, Inc. v. Lay,* 134 Ga. App. 642 (216 SE2d 123), reversed the denial of summary judgment to the defendants in this tort action and plaintiffs filed an application for writ of certiorari which this court granted.

The defendant Munford operated a chain of convenience stores. The particular store in question had been the scene of numerous armed robberies. Defendant Metropolitan Bureau of Investigation, Inc. was hired to provide a stakeout unit because of these numerous armed robberies. During the progress of one such armed robbery, the plaintiff approached the store to make a purchase. As he was about to enter the store, the stakeout guard fired in the direction of one of the armed robbers. The robber in turn shot the plaintiff who was about to enter the door of the store.

The Court of Appeals held that the intervening criminal act insulated the defendants as a matter of law and directed that summary judgment be entered against the plaintiffs, citing *Warner v. Arnold,* 133 Ga. App. 174 (210 SE2d 350) and *Smith v. General Apt. Co.,* 133 Ga. App. 927 (213 SE2d 74).

The Court of Appeals in both the *Warner* and *Smith* cases, after stating the general rule on intervening criminal acts, held: "However, the above rule has been held inapplicable if the defendant (original wrongdoer) had reasonable grounds for apprehending that such criminal act would be committed." The court in affirming the denial of summary judgment to the defendant in *Warner,* supra, p. 179, went on to state: "that the jury should properly pass on the questions of . . . foreseeability, intervening causation," as well as other questions not here involved.

The record in this case shows that the defendants

were certainly aware that an armed robbery might occur as evidenced by the placing of the stakeout unit on the premises during business hours when customers were likely to enter the store while such an armed robbery was in progress.

The question of reasonable foreseeability and the statutory duty imposed by Code § 105-401, to exercise ordinary care to protect the plaintiff in the circumstances of this case, is for a jury's determination rather than summary adjudication by the courts.

The Court of Appeals erred in ordering that summary judgment be entered for the defendants in this case.

*Judgment reversed. All the Justices concur, except Gunter, J., who is disqualified and Undercofler, P. J., and Jordan, J., who dissent.*

ARGUED SEPTEMBER 4, 1975 — DECIDED SEPTEMBER 23, 1975 — REHEARING DENIED OCTOBER 16, 1975.

*Gambrell & Mobley, Robert D. Feagin, Ross F. Bass, Jr.,* for appellants.

*Powell, Goldstein, Frazer & Murphy, Robert W. Patrick, Jr., Robert M. Travis, Starkey, Benham & Mills, Tom Benham,* for appellees.