60129, 60130. HEWETT v. FIRST NATIONAL BANK OF ATLANTA (two cases).

SOGNIER, Judge.

Appellant Beatrice E. Hewett is the widow of Merrill L. Hewett, who until his death was an experienced messenger-guard employed by Wells Fargo Armored Service Corp. On April 7, 1977 Mr. Hewett went to The First National Bank of Atlanta to pick up a delivery of securities pursuant to a courier services agreement between Wells Fargo and the Bank. Mr. Hewett, armed and trained for his duties as a guard, had picked up a package of securities on the sixth floor of the Bank and shortly thereafter was found robbed and beaten on the

second floor of the Bank. Mr. Hewett died as a result of injuries sustained in the robbery. His widow filed two separate actions on behalf of herself and her husband's estate, alleging that the Bank was negligent in failing to protect the deceased from the reasonably foreseeable criminal conduct of the unknown assailant. The trial court granted the Bank's motion for summary judgment in both cases. We affirm.

Appellant argues that the Bank should have foreseen that an armed robbery could be committed on its premises and that it had a duty to protect *the deceased* against such danger. It is undisputed that no robbery of this type had ever occurred in The First National Bank of Atlanta. Thus, appellant's reliance on *Munford v. Lay,* 134 Ga. App. 642 (216 SE2d 123) (1975), revd. 235 Ga. 340 (219 SE2d 416) (1975) is misplaced. In *Lay,* the Supreme Court pointed out that the defendant (convenience store) was certainly aware that an armed robbery might occur since numerous robberies had occurred in the past and defendants had placed a "stakeout" unit on the premises during business hours to protect against the very danger that occurred, i.e., a customer being shot while an armed robbery was in progress. Thus, the question of reasonable foreseeability and defendant's duty to exercise ordinary care was held to be a jury question. Such a factual situation does not exist in the instant case.

The fact that the Bank employed security guards during certain hours of the day does not persuade us that the criminal attack on Mr. Hewett could have been reasonably foreseen. As the trial court correctly pointed out, to place a duty on the Bank to protect an armed guard from a generalized potential of harm is to engage in circular reasoning, "i.e. there is a potential danger so that the Defendant hires armed guards, hiring armed guards shows a potential danger, thus armed guards or other protective measures must be taken to protect the first armed guard from the original potential danger that he was hired to guard against in the first place."

The attack upon the deceased was sudden, unprovoked and unexpected. While it is the duty of a proprietor to protect an invitee from injury caused by the misconduct of third persons if there is any reasonable apprehension of danger from the conduct of said persons, or if injury could be prevented by the proprietor through the exercise of ordinary care and diligence, *Bowling v. Janmar,* 142 Ga. App. 53, 55 (234 SE2d 849) (1977), nevertheless, where the Bank had no knowledge of and could not have discovered or foreseen the danger to the deceased, summary judgment in favor of appellee was proper.

*Judgments affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED JUNE 4, 1980 — DECIDED SEPTEMBER 19, 1980.

*B. Wayne Phillips,* for appellant.
*Robert B. Hill, M. David Merritt,* for appellee.