69807. DONALDSON et al. v. OLYMPIC HEALTH SPA, INC.
(333 SE2d 98)

BIRDSONG, Presiding Judge.

Directed Verdict — Landlord Liability. Appellant entered into an agreement with the Olympic Health Spa wherein she contracted that in exchange for the payment of a membership fee the health spa would furnish exercise and health equipment and facilities. Appellant paid her fee and used the facilities several times a week or when her time allowed. As a part of the agreement, appellant was aware that there would be limited clientele (namely women only) and that access to the facilities would be controlled. Only those persons showing a membership card would be granted access and use of the facilities and equipment. Appellant gave testimony that she usually always showed her card and signed in as a member before changing into exercise clothes and using the facilities and equipment.

On the day of the incident giving rise to this lawsuit, appellant followed her usual procedure. She showed her card to an employee at the door and then signed the register. She proceeded to the exercise room and changed clothes and commenced her exercise regimen. Shortly after she arrived, the employee who signed her into the spa entered the exercise room and after a brief conversation, stated that she was going to a back room and would be back in a few moments. Almost immediately thereafter, a black male made an appearance. After entering and leaving the room several times, the man approached appellant and committed an unexpected, unprovoked and criminally indecent touching of appellant's body. After overcoming her shock and surprise, appellant screamed and the man fled.

Appellant brought this complaint seeking damages from the health spa urging a breach of a contractual promise to afford her protection and tortious and negligent failure to protect the premises. After the completion of appellant's case-in-chief, the trial court granted the health spa's motion for directed verdict. It is the grant of the directed verdict that forms the basis of this appeal. *Held*:

1. In her first predicate for her appeal, appellant argues that

there is at least an implied contract by the spa to afford its clients protection. This argument flows from the understanding that the spa would be for women only; that because of the nature of the activity, the women would be required to undress and dress in abbreviated clothing or attire. Because of this, appellants argue these were peculiar circumstances that might be inviting to male persons and thus required a higher standard of protection. The spa allegedly breached its contract when it allowed the door to the building to be unlocked and unguarded.

We find this argument to be unpersuasive. The evidence clearly shows that the promises extended to appellant were that the clientele of the spa would be limited to women; that only those persons who had membership cards were authorized access to the exercise areas; and, that a sign-in process was required. So far as the evidence shows, an employee customarily was stationed at the door, entrance was limited to those having a membership card, and a sign-in process was followed. Indeed the evidence reflects that when appellant first saw the man she was surprised but neither spoke. The second time the man appeared asking for an instructor, she informed him where the employee had gone (to a back room) but did not suggest that admittance by him was improper. It was not until he started to go into a dressing area that she protested his presence at all.

Considering the evidence adduced, we must conclude that appellant produced no evidence of an agreement either express or implied by the spa to afford cocoon-secure premises against entrance into the building of all persons not members or who did not possess a membership card. In fact, there is evidence in this transcript that a man was in the outer office earlier the same day apparently looking for a member. In the absence of some evidence that the spa agreed to furnish protection to the extent of total isolation in addition to restricted (female) membership and controlled admission (both of which were demonstrated to have been furnished), appellant's contention that the circumstances of the spa raised a higher duty of protection is neither warranted nor supported by any competent evidence. We reject this basis of appellant's enumeration. The concept of a contract requires that the minds of the parties shall meet and accord at the same time, upon the same subject matter, and in the same sense. In the absence of this meeting of the minds, there is no special contractual provisions between the alleged contracting parties. *Jones v. Ely*, 95 Ga. App. 4 (1) (96 SE2d 536); *Georgia Southern &c. R. Co. v. Adeeb*, 15 Ga. App. 831 (1) (84 SE 323). This basis of the enumeration of error is not supported by any evidence of record and thus is without merit.

2. The second predicate for appellant's appeal is that the spa was tortiously negligent in leaving its door unguarded and the front door unlocked so as to allow the unauthorized man's entrance and created

the situation that resulted in the physical assault giving rise to the complaint.

Even if we were to assume (which we are not willing to do) that the spa's failure to guard the door under a contractual obligation to do so, resulted in great annoyance or hardship or distress to appellant, a recovery in tort is available only if there was a contract that falls in those classes of contracts that creates a relation from which the law implies a duty, the breach of which will constitute a tort. *Thomas v. Phoenix Mut. Life Ins. Co.*, 142 Ga. App. 550, 551 (236 SE2d 510); *Leonard v. Firemen's Ins. Co.*, 100 Ga. App. 434 (111 SE2d 773).

Appellant seeks to impose that high standard by equating the special circumstances of a health (exercise) spa to the duty imposed upon an innkeeper. Appellant cites to this court several decisions of foreign courts which based upon local statutes impose a special relationship between hotel operators and their guests and impose upon the innkeeper an affirmative duty to protect his guests. See *Kline v. 1500 Mass Ave. Apt. Corp.*, 439 F2d 477 (D. C. Cir. 1970); *Virginia D. v. Madesco Investment Corp.* (Mo.), 648 SW2d 881; *Orlando Executive Park v. P. D. R.* (Fla.), 402 S2d 442. However, such is not the rule in Georgia. Though the law of Georgia imposes a duty on an innkeeper of keeping the premises in a reasonably safe condition for the use of his patrons as well as invitees, the innkeeper is not an insurer. *Truett v. Morgan*, 153 Ga. App. 778 (266 SE2d 557). This relationship involves a duty only to see that the premises are reasonably safe, not a duty affirmatively to protect. See *Holloman v. Henry Grady Hotel*, 42 Ga. App. 347, 349 (156 SE 275). In order to impose a tortious liability upon the host of a guest or invitee in a public place (or inn), the law of this state has inserted a requirement of notice of a hazardous condition or situation to the host (innkeeper). Moreover, though notice to the host is required, the law of this state further requires that the notice be of a substantially similar incident having occurred on premises under the control of the host and of which the host has knowledge but the invitee-guest does not. See *McCoy v. Gay*, 165 Ga. App. 590, 591 (302 SE2d 130). Moreover, a host is not under a duty to anticipate acts of third parties which are mala in se. *Pittman v. Staples*, 95 Ga. App. 187, 191 (97 SE2d 630).

Thus, it may be stated in view of the above, that it is the duty of a proprietor to protect an invitee or guest from injury caused by a third person if the host is reasonably aware of the probability or likely possibility of such an act by a third party and such injury could be avoided or prevented by the host through the exercise of ordinary care and diligence. Even if some degree of negligence in such a circumstance be shown, the host is insulated from liability by the intervention of an illegal act which is the proximate cause of the injury. In

order to affix liability in the case of an illegal act, the host must have had reasonable grounds to believe that a particular criminal act is likely to occur. *McClendon v. C & S Nat. Bank*, 155 Ga. App. 755, 756 (272 SE2d 592).

The burden of proof was on appellant to show that similar assaults had occurred in the recent past on the premises of the spa. In the absence of such proof, there is a failure to demonstrate a knowledge by the spa of the dangerous situation created by an uninvited third person and this failure will preclude recovery. *Holiday Inns v. Newton*, 157 Ga. App. 436, 437 (278 SE2d 85). Appellant wholly failed in this burden of proof. At best she offered evidence that a man was seen outside the building, and another man had entered the building to inquire if a particular female was present. There is absolutely no evidence that the health spa had ever experienced an unprovoked physical attack by an intruder or even in the parking area outside the building. In the absence of such evidence there is a total failure by the appellant to show a reasonable apprehension by the health spa of an wholly unanticipated criminal act by a stranger to the business. See *McClendon v. C & S Nat. Bank*, supra. Appellant was the victim of a sudden and unprovoked criminal attack which the evidence shows was an independent, illegal act perpetrated unexpectedly and without warning by a third party, thus insulating and excluding any negligence which would be chargeable to the health spa. *Bowling v. Janmar, Inc.*, 142 Ga. App. 53, 55 (234 SE2d 849). See also *Tolbert v. Captain Joe's Seafood*, 170 Ga. App. 26 (316 SE2d 11).

Construing the evidence in the light most favorable to appellant, there still was no conflict in the evidence as to any material issue, and the evidence before the jury and court together with all reasonable deductions demanded a verdict in favor of the health spa. In such circumstances, it was not error for the trial court to direct a verdict for the spa at the conclusion of appellant's evidence. *State Farm Mut. Auto. Ins. Co. v. Snyder*, 125 Ga. App. 352 (187 SE2d 878). See also *Johnson v. Mann*, 132 Ga. App. 169 (207 SE2d 663).

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED MAY 21, 1985 —
REHEARING DENIED JUNE 28, 1985 —

Bert S. Harp, for appellants.
J. Barrington Vaught, for appellee.