71534. WASHINGTON ROAD PROPERTIES, INC.
et al. v. STARK.
71535. WASHINGTON ROAD PROPERTIES, INC.
et al. v. BORDWELL.
(342 SE2d 327)

DEEN, Presiding Judge.

At about 9:00 p.m. on April 6, 1984, Carol Bordwell and Carmen Stark registered for a room at the Ramada Inn West, appellant, in Augusta, Georgia. As they approached their room they passed a black male who was standing beside the steps. Bordwell and Stark proceeded to their room, but before they could close the door this man appeared in the doorway, displayed a handgun, and entered the room. He then tied up both women, robbed them, and raped Carol Bordwell. After he left, the two women were able to untie themselves and summon the police. The assailant was never apprehended.

Around 7:30 p.m. that same evening, the motel manager had observed a black male, who matched the description of the assailant, standing by the entrance to the lounge. The manager asked him what he was doing, and the man stated that he was waiting for a friend, but he would not identify the friend. The manager then told him to leave, and he watched the man actually walk off the premises.

It was uncontroverted that the motel was located in what was generally considered a low crime area. A security guard was on duty from 11:00 p.m. until 6:00 a.m. The manager stated that he knew of only two prior criminal acts on the premises, both of which had been robberies of the motel front desk three and five years earlier. He also recalled, however, that about one week prior to the rape a man matching the assailant's description had been seen looking through the window of the motel lounge; the security guard had been contacted at that time but was unable to find this person. The parking lot and the common walkways were lighted.

Subsequently, the appellees, Carol Bordwell and Carmen Stark, commenced actions against the appellant, alleging negligence in the appellant's failure to maintain safe premises and warn them of the danger of criminal acts. The trial court denied the appellant's motion for summary judgment in each case, and these interlocutory appeals

(consolidated here) followed. *Held:*

An innkeeper has a duty to keep his premises in a reasonably safe condition for his patrons, but an innkeeper is not an insurer. *Truett v. Morgan,* 153 Ga. App. 778 (266 SE2d 557) (1980). A proprietor may be liable for an invitee's injuries caused by the misconduct of a third party, if there was any reasonable apprehension of such danger or if the proprietor could have prevented the injury through the exercise of ordinary care. *McCoy v. Gay,* 165 Ga. App. 590 (302 SE2d 130) (1983); see also *McClendon v. C & S Nat. Bank,* 155 Ga. App. 755 (272 SE2d 592) (1980).

In the instant case there was no evidence showing that the appellant had any basis to know of, or reasonably to foresee, the danger of the criminal attack upon the two appellees. Assuming that the assailant was the same person whom the motel manager had required to leave the premises earlier in the evening, and even the same person who had looked through the lounge window the week before, as a matter of law the evidence demands a finding that the manager acted reasonably and exercised ordinary care to keep the premises safe for the patrons; to hold otherwise in this case would impose a standard of hindsight rather than reasonable foresight. Additionally, the two robberies at the motel front desk three and five years prior to the criminal attack upon the appellees did not constitute notice to the appellant of a dangerous condition that might subject the motel patrons to an unreasonable risk of criminal injury, as there was no substantial similarity between those prior robberies and the present incident. *McCoy v. Gay,* supra; *Tolbert v. Captain Joe's Seafood,* 170 Ga. App. 26 (316 SE2d 11) (1984). Accordingly, the trial court erred in denying the appellant's motion for summary judgment in both cases.

*Judgments reversed. Banke, C. J., Birdsong, P. J., Sognier, Pope and Benham, JJ., concur. Carley and Beasley, JJ., dissent. McMurray, P. J., concurs in the judgment of the dissent only.*

BEASLEY, Judge, dissenting.

"Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1.

Defendant's manager knew that a suspicious person had peeped in the lounge the week before and had been chased away, that a person fitting the same description and wearing the same distinctive cap had been loitering on the premises for no apparent legitimate purpose and had to be told twice to leave the property. He knew that he could not prevent the person's return to accomplish whatever purpose that person had in mind and which the manager had frustrated; he knew

that the loiterer's purpose was not as had been articulated when questioned, because he had said he was waiting for someone but when pressed could not identify anyone. He knew that instead, the person had muttered as he walked away, "You'd think somebody was going to rob somebody." He knew also that the person had a brown paper bag in his hand, containing the manager knew not what. The manager knew that the security guard, who was hired several years previously to patrol the entire premises because of two armed robberies, would not be on duty until at least three hours later.

If the two women had known what defendant's manager knew, they would have been on notice to protect themselves and take proper precautions to assure their safety as they went to an unguarded area. Then when they saw the man they could have gone back to the front desk and reported it so that further investigation into the man's presence could be undertaken or they could be escorted to their room or other safety measures followed.

There was thus some evidence of defendant's superior knowledge of a danger of potential harm due to the unexplained presence twice of a suspicious male which was not conveyed to the guests. Whether or not the knowledge was sufficient to make harm foreseeable and thus to give rise to a duty of defendant to take measures to meet the standard of care owed to motel guests is a jury question. The jury should properly pass on questions of foreseeability with respect to whether defendant had reasonable grounds for apprehending that such criminal act would be committed. *Lay v. Munford, Inc.*, 235 Ga. 340 (219 SE2d 416) (1975). On defendant's motion for summary judgment, plaintiffs are entitled to all favorable inferences. *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 5 (126 SE2d 442) (1962).

In today's crime-ridden society, where personal safety is fragile absent perpetual alert, the law may cast a burden to warn on a proprietor who has the knowledge of incidents bearing the earmarks of danger to his guests. See *McClendon v. C & S Nat. Bank*, 155 Ga. App. 755 (272 SE2d 592) (1980). "It is the duty of an innkeeper not only to furnish his guest or patron with shelter and comforts but also to exercise ordinary care to protect him from danger. 28 AmJur 574, § 52." *Newton v. Candace, Inc.*, 94 Ga. App. 385 (2) (94 SE2d 739) (1956).

Knowledge of prior similar criminal acts is not the only circumstance which may create the duty; that is one but not necessarily the only source of superior knowledge, and that is what makes this case different from *McCoy v. Gay*, 165 Ga. App. 590 (302 SE2d 130) (1983) and the other cases where there were no *current* circumstances to put the proprietor on notice but only *prior* criminal incidents which might have created a duty. Knowledge of current circumstances which would put a reasonable person on notice that criminal activity is

likely afoot also may do so. What was quoted with approval in *Warner v. Arnold*, 133 Ga. App. 174, 178 (210 SE2d 350) (1974), is applicable here: "[P]articular conduct, depending upon circumstances, can raise an issue for the jury to decide in terms of negligence and proximate cause." It is the knowledge of the properietor relative to the knowledge of the guest that is at issue.

There is no doubt that the proprietor had superior knowledge of some ominous incidents portending danger. Whether they were of such character and magnitude that warning should have been given is, in my opinion, a jury question. As said recently in *Donaldson v. Olympic Health Spa*, 175 Ga. App. 258, 260-261 (333 SE2d 98) (1985): "In order to affix liability in the case of an illegal act, the host must have had reasonable grounds to believe that a particular criminal act is likely to occur." " '[W]hat the reasonably prudent person would then have foreseen as likely to happen, is the key to the question of reasonableness.' " *Shockley v. Zayre of Atlanta*, 118 Ga. App. 672, 675 (165 SE2d 179) (1968). And lest what is construed to be meant is the particular crime or type of crime that subsequently takes place, *Bayshore Co. v. Pruitt*, 175 Ga. App. 679, 680 (334 SE2d 213) (1985), quoting from *Hosp. Auth. of Hall County v. Adams*, 110 Ga. App. 848, 850 (4) (140 SE2d 139) (1964) dispels that notion: "[I]n order for a party to be held liable for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient if in ordinary prudence he *might* have foreseen some injury would result from his act or omission and that consequences of a generally injurious nature might result."

I cannot say that, as a matter of law, what the proprietor knew here did not impose a duty to warn and so to share that knowledge with those who could then protect themselves in the event of the suspicious person's return, of which there was a likely possibility. After all, there was reasonable cause to believe it because he had already been back after having once been chased away. There is evidence in this case, at this summary judgment stage, that fits the description in *Hewett v. First Nat. Bank of Atlanta*, 155 Ga. App. 773, 774 (272 SE2d 744) (1980): "it is the duty of a proprietor to protect an invitee from injury caused by the misconduct of third persons if there is any reasonable apprehension of danger from the conduct of said persons, or if injury could be prevented by the proprietor through the exercise of ordinary care and diligence, . . ." This is true especially when the burden is small and the benefit is great. See Prosser, The Law of Torts, 4th ed., p. 147.

Thus, I would agree with the trial judge and affirm the denial of

184

summary judgment.[1]

I am authorized to state that Judge Carley joins in this dissent.

DECIDED FEBRUARY 5, 1986 —
REHEARING DENIED MARCH 10, 1986 — 

*James W. Purcell, J. Arthur Davison,* for appellants.
*Ronald C. Griffeth, Robert C. Daniel, Jr., James W. Ellison,* for appellees.

---

[1] See generally Johnson, W. E., "Tort Liability in Ga. for the Criminal Acts of Another," 18 Ga. L. Rev. 361 (1984).