## 72021. FOWLER v. ROBERTSON.
(344 SE2d 425)

BIRDSONG, Presiding Judge.

Summary Judgment—Guest Injury. The facts leading up to this grant of summary judgment show that in about 1976, C. E. Fowler, Jr., the son of C. E. and Loretta Fowler, built a package store with the help of his parents and friends on a lot of land owned by his father, C. E. Fowler, Sr. in Meriwether County. That location was changed in about 1978 when Eddie, Jr. built another store on land purchased by Fowler, Sr. about a mile removed from the first store. Fowler, Sr. was a police officer who had worked for over 20 years in law enforcement, the last 18 years with the Hapeville force. By 1981, Fowler, Sr. had accrued vested retirement rights and left the police force. He and his family moved to Meriwether County in the late 1970's. Fowler, Sr. spent much of his time helping out in his son's package store but received no wages and did not consider himself an employee. Both the father and son kept a gun in the store as protection against possible robbery attempts of the liquor store. There had never been such an attempt at either of the two locations during the period from 1976 until 1981. The two Fowlers had considered the possibility of a robbery, and it was agreed that if an armed robber entered the store, the money would be surrendered without resistance.

On Christmas Eve 1981, Mrs. Fowler (the elder Fowler's wife and the younger Fowler's mother) brought supper to the two men who were working at the package store. She visited with her two men behind the counter of the package store. After she had been there about 30-40 minutes, two men entered the front door with guns drawn and pointed at the three behind the counter. With no warning or other demands, the two robbers commenced firing. Eddie, Jr. pushed his mother beneath the counter. He himself was struck in the neck and fell to the floor beside her. Fowler, Sr., though already wounded, managed to reach his gun which was underneath the counter. He returned fire and fatally wounded one of the robbers. Meantime, the other rounded the counter and continued to fire at all three of the Fowlers. Father and son were both killed, and Mrs. Fowler sustained four gunshot wounds from which she ultimately recovered.

Mrs. Fowler brought this suit against the administrator of her son's estate, contending that by having guns in the package store, in-

viting her to remain behind the counter, and aggressively resisting the robbers, Fowler, Jr. exhibited negligence in the maintenance of his business and unnecessarily endangered Mrs. Fowler who was an invited guest on the premises. Because Fowler, Jr. had an insurance policy protecting the premises and its guests from negligence of the owner with Continental Casualty Company, Continental was allowed to intervene by counterclaim to determine its potential liability under the policy. Upon motion for summary judgment by Continental, the trial court concluded the robbery attempt was an unexpected criminal act by a third party and did not constitute an act of negligence by the policyholder so as to extend coverage to Mrs. Fowler. The trial court granted summary judgment to Continental, resulting in the filing of this appeal by Mrs. Fowler. *Held*:

We start with recognition of the general rule concerning liability of a proprietor for injuries to his guests that unforeseen and unexpected acts particularly those mala in se perpetrated by third parties on the proprietor's premises do not activate liability by the proprietor. This rule is excepted, however, where it is shown that the proprietor has reasonable grounds for apprehending that the very type criminal act which resulted in injury to his guests is reasonably likely to occur. See *McCoy v. Gay*, 165 Ga. App. 590 (302 SE2d 130).

There is no dispute that Eddie, Jr.'s estate cannot be liable for his mother's injuries as a guest unless there is evidence to support a conclusion that he reasonably could have foreseen an armed robbery where the robbers would open fire on the occupants of the store. Mrs. Fowler contends that the answer to this dispute raises a jury question which precludes a resolution of it by summary judgment. She contends that robberies of liquor stores are so commonplace that her son had to be aware of that possibility and of its likelihood. She argues that because her husband and son had discussed what to do in the event of a robbery, that discussion itself established the reasonable probability of such an occurrence and her son's awareness of it. She further contends that because guns were kept in the store, this too was an awareness of the likelihood of an armed robbery. Her argument then continues that in spite of this awareness of the hazard, she was invited to remain behind the counter where the danger to a guest would be much greater than if she had remained in the proper customer areas of the store.

Though these arguments are well presented and have much facial merit, we are not thereby persuaded that the exception to the rule of liability should apply rather than the general rule excepting liability for the unexpected acts of third parties.

The facts show that no robbery had occurred in the package store or its predecessor for 5 or 6 years. Though a discussion had occurred as to the eventuality of a robbery, this could have no greater probity

than a discussion concerning a fire, a burglary or other catastrophic event. There was no evidence that either the package store or any other in the area had suffered even one such event. The fact that guns were in the store is no different than having armed guards in a bank. In a similar case where a bank messenger was assaulted and killed in the bank, the fact that guards were present did not change the fact that the bank could not foresee nor reasonably expect that a robbery would take place upon its premises. See *Hewett v. First Nat. Bank of Atlanta*, 155 Ga. App. 773 (272 SE2d 744). Both *McCoy* and *Hewett* distinguish the case of *Lay v. Munford, Inc.*, 235 Ga. 340 (219 SE2d 416) relied upon by Mrs. Fowler. In that case a series of robberies had already occurred including the store where Munford placed a stakeout. When another robbery occurred, the stakeout engaged the robber in gunfire and when the robber returned fire, the robber's bullet struck a customer entering the front door. The Supreme Court held in that case there was at least an issue for a jury as to foreseeability of a dangerous situation and the effectiveness of Munford's precautions.

In this case we can find no evidence that Eddie Fowler, Jr. was aware of the probability of an armed robbery occurring in his package store or that visiting with his mother and father in the store either behind the counter or at any other place in the store was a disregard for safety rules. In *Donaldson v. Olympic Health Spa*, 175 Ga. App. 258 (333 SE2d 98), we added yet another caveat to the imposition of liability of a host toward his guest by holding that the prior notice to the host usually must be notice of a substantially similar incident having occurred on the premises under the control of the host and of which the host has knowledge but the invitee does not. Further, we held that a host does not have to anticipate uncommon acts of third parties which are mala in se.

We conclude that Mrs. Fowler failed in her obligation to show that similar robberies had occurred in the store or even in the locale during the recent past. In the absence of such proof, Mrs. Fowler has not raised an issue of fact of anticipatory knowledge sufficient to raise a question of liability for an unexpected armed robbery. *Donaldson v. Olympic Health Spa*, supra at p. 261. We find no error by the trial court in its grant of summary judgment to Continental.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED APRIL 8, 1986.

*Timothy S. Minors*, for appellant.

*Robert R. Gunn II*, for appellee.