## 71873. IVEY v. FORT VALLEY UTILITIES COMMISSION.
(344 SE2d 543)

POPE, Judge.

Appellant Sharon D. Ivey went to appellee's office to pay a bill, as she had done on previous occasions, and while exiting the building was injured when a stationary glass panel beside the glass lobby door shattered, causing multiple lacerations. She filed the instant action alleging that appellee had maintained a dangerous condition in its office by failing to provide proper signs or window markings in the vicinity of the glass door. By letter to appellee, which was attached to the complaint as Exhibit A, appellant stated that she had "bumped" the glass panel and that appellee's negligence causing her injuries resulted from "having a dangerous condition in the building caused by the defective construction and failure to properly maintain guardrails which led to the existence of a pitfall or mantrap." On deposition appellant testified that she did not touch the glass panel before it shattered.

Appellee moved for summary judgment based upon uncontroverted affidavits that it had been located in the same building since 1972; that no one had ever been involved in any accident involving the glass panels in the lobby either by walking into them or by their spontaneously shattering; that the lobby at the time of appellant's injury was in all respects the same as it had been since 1972; and that nothing in the appearance of the glass panel on the date of the incident suggested that anything was wrong with them. The trial court found that appellant did not strike the glass panel and the cause of its breaking was unknown, there being nothing in its appearance on the date of the accident to suggest that anything was wrong with it. On appeal appellant asserts that the grant of summary judgment was improper because issues of fact exist as to whether the glass broke because it was accidentally bumped or because it was defective, and whether appellee was negligent in failing to adequately warn or safeguard against the potential danger.

We find no ground for reversal. "To state a cause of action for negligence, there must be a legally attributable causal connection between the defendant's conduct and the alleged injury. The inquiry is not whether the defendant's conduct constituted a cause in fact of the injury, but rather whether the causal connection between that conduct and the injury is too remote for the law to countenance a recovery. In Georgia, questions of negligence and proximate cause are ordinarily reserved for the jury, but in plain and undisputed cases the court may make a determination as a matter of law. We find this to be such a case." (Citations and punctuation omitted.) *Hercules, Inc. v. Lewis*, 168 Ga. App. 688 (309 SE2d 865) (1983). "Because of the necessity of establishing that defendant's negligence caused injury to

the plaintiff, if the cause was remote and furnished only the condition or occasion of the injury, it was not the proximate cause thereof. One is bound to anticipate and provide against what usually happens and what is likely to happen; but it *would impose too heavy a responsibility* to hold him bound in like manner to guard against what is unusual and unlikely to happen or what, as it is sometimes said, is only remotely and slightly probable." (Citations and punctuation omitted.) *Rustin Stamp &c. Shop v. Ray Bros. Roofing &c. Co.*, 175 Ga. App. 30, 32 (332 SE2d 341) (1985).

"To presume that because a customer [is injured] that the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety which he is not in this state. What the law requires is not warranty of the safety of everybody from everything, but such diligence toward making the premises safe as a good business man is in such matters accustomed to use. We find no evidence that the construction or design of the [glass panels] is defective . . . . Only [appellant's] bare assertion that the situation is unsafe opposes [appellee's] evidence [to the contrary.] This simply is insufficient to show any breach of duty to [appellant] by [appellee]. It shows only that [appellant] unfortunately [was injured]. In these circumstances, the trial court did not err in granting summary judgment to [appellee]." (Citations and punctuation omitted.) *Martin v. Bank South*, 175 Ga. App. 422, 423-24 (333 SE2d 616) (1985).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED APRIL 22, 1986.

*Franklin E. Remick*, for appellant.
*Emitte H. Griggs*, for appellee.