### 77212. ADLER'S PACKAGE SHOP, INC. v. PARKER.
(378 SE2d 323)

SOGNIER, Judge.

Joann Parker brought suit against Adler's Package Shop, Inc., for injuries sustained when she was attacked and shot by an acquaintance on a public sidewalk outside the package shop. The trial court denied the package shop's motion for summary judgment, and we granted its application for interlocutory appeal.

Construed favorably to appellee as the respondent below, the record reveals that appellee and her assailant, Sherold Jackson, had an adversarial relationship for a number of months before the attack at issue. The two women had exchanged harsh words on several occa-

sions, and each had sworn out a peace warrant against the other. Appellee testified by deposition that she was afraid of Jackson because Jackson had stolen personal belongings from appellee, burned clothing hanging on her clothesline, and even threatened to kill appellee. On the evening of October 14, 1985, appellee walked with her children to appellant's package store, and while making a purchase spotted Jackson outside the premises. Appellee testified that she quickly left the store, but Jackson confronted her on the sidewalk, pulled out a knife, and after a brief struggle stabbed appellee in the arm. Jackson then took a handgun from her purse and shot appellee, injuring her severely. Appellee also testified that Grady Knight, the private security guard employed by appellant, came outside the store during the altercation and told the two women to stop fighting, and that when Jackson pulled out the weapons Knight asked her to drop them. Appellee acknowledged in her deposition that she had never mentioned her feud with Jackson to anyone associated with appellant, and that she did not ask Knight for assistance.

1. In its first two enumerations, appellant contends the trial court erred by denying its motion for summary judgment because no material factual question is presented regarding a breach of duty for which it could be held liable for appellee's injuries. Appellant argues that it is not liable to patrons injured by the unforeseen criminal acts of third parties, and that its security guard did not assume a duty to protect appellee from a criminal assault arising from personal malice of the attacker.

(a) We first address appellant's contention that it cannot be held liable for injuries to its patrons resulting from the criminal acts of third parties because such a danger is not reasonably foreseeable. Although a business proprietor is not an insurer of the safety of its patrons, *Washington Rd. Properties v. Stark*, 178 Ga. App. 180, 181 (342 SE2d 327) (1986), a proprietor "has a duty, when he can reasonably apprehend danger to a customer from the misconduct of other customers or persons on the premises, to exercise ordinary care to protect the customer from injury caused by such misconduct." *Shockley v. Zayre of Atlanta*, 118 Ga. App. 672, 673 (165 SE2d 179) (1968). However, "unforeseen and unexpected acts particularly those mala in se perpetrated by third parties on the proprietor's premises do not activate liability by the proprietor . . . [unless] it is shown that the proprietor has reasonable grounds for apprehending that the very type criminal act which resulted in injury to his guests is reasonably likely to occur. [Cit.]" *Fowler v. Robertson*, 178 Ga. App. 703, 704 (344 SE2d 425) (1986). " 'Not what actually happened, but what the reasonably prudent person would then have foreseen as likely to happen, is the key to the question of reasonableness.' [Cit.]" *Shockley*, supra at 675 (1).

We find *Shockley* is controlling in the instant case. In *Shockley*, the plaintiff was attacked inside a store by Hillman, a woman who previously had threatened the plaintiff and against whom the plaintiff had taken out a peace warrant. Hillman confronted the plaintiff in the checkout line, the two women began struggling, and when an employee of the defendant store and a shopper separated them, Hillman cut the plaintiff with a razor. This court affirmed the grant of summary judgment to the defendant, reasoning that "[w]hile a business proprietor has a duty . . . *to exercise ordinary care* to protect persons on its premises as business invitees from foreseeable dangerous conduct of others, we know of no authority holding that this duty of *ordinary care* requires the proprietor to intervene to save a business invitee from an assault arising from the assailant's personal malice toward the victim. [Cit.]" (Emphasis in original.) Id. at 674. Therefore, we find appellant owed no duty to appellee as a matter of law, and the trial court erred by assuming "arguendo" that such a duty existed.

Appellee tries to distinguish *Shockley* by arguing that Jackson's criminal attack was foreseeable because the package shop had been the scene of two armed robberies, a theft, and a burglary prior to the altercation between appellee and Jackson, and appellant had hired a security guard. However, those crimes were directed against the business itself and were not similar to the incident at issue here. " 'While the relevancy of other occurrences is ordinarily within the sound discretion of the court, "it is necessary that the conditions of the things compared be substantially similar." [Cit.] Without a showing of substantial similarity, the evidence is irrelevant as a matter of law and there is nothing upon which the court's discretion can operate. [Cits.]' [Cit.]" *McCoy v. Gay*, 165 Ga. App. 590, 592 (302 SE2d 130) (1983). We find that proof of prior dissimilar crimes occurring several years before the incident at issue "did not meet the 'similarity' requirement so as to constitute a sufficient showing of [appellant's] knowledge of the 'litigated' dangerous condition." Id. at 592-593. Thus, no evidence proffered was sufficient to present a factual question as to whether appellant knew or should have known that any of its patrons was at risk of an assault by a personal adversary outside appellant's business premises. See *Nalle v. Quality Inn*, 183 Ga. App. 119, 120 (358 SE2d 281) (1987). Compare *Lay v. Munford, Inc.*, 235 Ga. 340 (219 SE2d 416) (1975).

(b) Appellee next contends that the hiring of a security guard creates an exception to the general rule regarding lack of liability of proprietors for criminal acts of third parties because once a business owner undertakes to provide security for its patrons, the owner may be liable for injuries resulting from the negligent performance of the security operations. Specifically, appellee asserts, because appellant

employed a security guard and because the guard voluntarily intervened in the struggle between appellee and Jackson, he was obligated to perform that undertaking with ordinary care as required by the Restatement (2d) of Torts, § 324 A, which provides as follows: "One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or . . . (c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

We find this provision of the Restatement to be inapposite for three reasons. First, as previously discussed, there is no evidence appellant or its security guard should have recognized that any security services were "necessary for the protection of [appellee]" because the prior thefts previously committed within the store were not sufficiently similar so as to alert appellant to a risk of physical assault upon patrons occurring outside the premises and arising from the personal malice of the attacker, and thus the essential element of foreseeability was not present. See *Hewett v. First Nat. Bank*, 155 Ga. App. 773, 774 (272 SE2d 744) (1980). These circumstances contrast with those presented in the case cited by appellee, *Atlanta Center Ltd. v. Cox*, 178 Ga. App. 184 (341 SE2d 15) (1986), in which we held that summary judgment was improper when the plaintiff was assaulted by an unknown attacker in the elevator of a hotel which provided mechanical security devices in the elevators and security personnel inside the hotel premises. Contrary to the case at bar, in *Atlanta Center* a jury question was presented because there was no prior personal connection between the assailant and the victim, and the hotel was aware of a risk of harm to its guests in the elevators and hallways.

Second, even assuming that Knight did recognize that such a need for protection had arisen when he admonished the women to stop fighting, nothing in the record suggests that Knight's actions "increase[d] the risk of . . . harm" to appellee. Subparagraph (a) of Section 324 A of the Restatement "applies only when a nonhazardous condition is made hazardous through the negligence of a person who changed its condition or caused it to be changed." *Argonaut Ins. Co. v. Clark*, 154 Ga. App. 183, 185 (267 SE2d 797) (1980). Although appellee argues that the risk to her may have increased once Knight failed to stop the fight because Jackson may have become confident that no one would intervene, there is no evidence in the record to support that contention.

Third, although appellee asserts she relied on Knight's protection

within the meaning of subparagraph (c) of Section 324 A, appellee admitted in her deposition that no one associated with appellant was aware of the animosity between her and Jackson, and also revealed she did not ask Knight for assistance at any time. Thus, we find no evidentiary support for appellee's argument that she relied upon Knight to rescue her and was injured as a proximate result of his failure to do so. See generally *Huggins v. Standard Fire Ins. Co.*, 166 Ga. App. 441, 442-443 (304 SE2d 397) (1983).

We also reject appellee's argument that a contradiction in the security guard's testimony raises a question of fact as to whether appellant, through its agent, voluntarily assumed a duty to protect appellee and was negligent in performing that obligation. Appellee points out that in Knight's statement given to police shortly after the incident he stated that he saw Jackson with a knife and a gun before appellee was injured, whereas in later deposition testimony he did not recall seeing either weapon before Jackson shot appellee. We are aware of this conflicting testimony, and in viewing the evidence in favor of appellee, the respondent below, we have construed the evidence so as to show that Knight did see the weapons before appellee was injured. However, as discussed above, an injured person seeking to impose liability upon another for the negligent performance of a voluntary undertaking must show either detrimental reliance or an increased risk of harm, and we have found no evidence in support of either of these necessary prerequisites. "[O]nce a party in the position of a defendant who is a movant for summary judgment pierces the pleadings of one in the position of a plaintiff and shows to the court that one essential element under any theory of recovery is lacking and incapable of proof, the defendant is entitled to summary judgment as a matter of law irrespective of any issues of fact with regard to other essential elements. [Cit.]" *Waldrep v. Goodwin*, 230 Ga. 1, 2 (1) (195 SE2d 432) (1973). Thus, any question regarding the propriety of Knight's actions once he saw the weapons is immaterial.

" '[Q]uestions of negligence and proximate cause are ordinarily reserved for the jury, but in plain and undisputed cases the court may make a determination as a matter of law. . . .' [Cit.]" *Ivey v. Fort Valley &c. Comm.*, 178 Ga. App. 791 (344 SE2d 543) (1986). Because " 'duty is defined by the law,' " *Shockley*, supra at 673, and we have found that no duty was owed by appellant to appellee, no material question of fact remains for determination by a jury. Accordingly, we find the trial court erred by denying appellant's motion for summary judgment. See *Washington Rd. Properties*, supra.

2. Appellee contends the general rule regarding lack of liability for unforeseen criminal acts should not be applied here, arguing that appellant should be estopped from claiming that the incident did not arise from its business operations because its insurance company paid

appellee for some of her medical expenses. Appellee has cited as authority for this contention *Weldon v. Lashley*, 214 Ga. 99, 103 (103 SE2d 385) (1958), in which the Supreme Court discussed the general principle that when a party to a lawsuit states one basis for his conduct, he cannot change this reasoning once litigation begins. This principle is an application of the doctrine of estoppel, which applies only where the representations of one party cause another to act in reliance thereon to the latter's detriment. *Glove &c. Ins. Co. v. Atlantic &c. Shipping Co.*, 51 Ga. App. 904, 906 (181 SE 310) (1935). We find no evidence in the record to support this theory. Even assuming, without deciding, that appellant's insurance company was acting as appellant's agent when it negotiated a payment to appellee, but see OCGA § 33-7-12 (a), appellee does not contend, and our review of the record does not disclose, that she relied upon any act or representation of appellant's insurer to her detriment, or that she was damaged as a result of any change made in her position in reliance upon the insurer's actions. See *Morgan v. Maddox*, 216 Ga. 816, 819 (120 SE2d 183) (1961); see generally *Globe*, supra at 909 (2). Further, there is no evidence that appellant intentionally deceived appellee or misrepresented or concealed any facts from her. See OCGA § 24-4-27; see also *Jones v. Tri-State Elec. Co-op.*, 212 Ga. 577, 582 (2) (94 SE2d 497) (1956). Moreover, " '[e]stoppel merely precludes [a party] from setting up a defense, but creates no new right of action in the opposite party.' [Cit.]" *Davis v. Johnson*, 92 Ga. App. 858, 864 (90 SE2d 426) (1955). Because of our holding in Division 1 that appellant owed no legal duty to appellee which would give rise to a claim for negligence, appellee cannot use the doctrine of equitable estoppel to create a cause of action, and thus we find no question of fact is presented so as to require resolution by a jury.

3. Finally, we note that, although this matter was not raised in either party's brief, on the day the trial court issued its order denying appellant's summary judgment motion, appellee amended her complaint to allege that appellant also was liable on the basis of negligence per se for employing an armed guard when appellant and the guard were not licensed as required by OCGA § 43-38-1 et seq. for a private security business. It appears this amended complaint was filed before entry of the trial court's order, but the record does not reveal whether the ruling below included the claim asserted in the amended complaint. However, because appellant enumerated the denial of its motion for summary judgment as error, we will consider the pleadings as amended, whether argued or not. See *Alexander v. Boston Old Colony Ins. Co.*, 127 Ga. App. 783, 784-786 (2, 3) (195 SE2d 277) (1972). "[T]he general rule [is] that a breach of duty to the State is not actionable on the part of an individual unless it enters into the proximate cause of his injuries." *Jones v. Dixie Drive It Yourself System*,

97 Ga. App. 669, 672 (104 SE2d 497) (1958). The record discloses no evidence establishing a proximate causal connection between the alleged statutory violation and the injuries appellee incurred as a result of Jackson's assault. Thus, we find no question of fact exists regarding the actionable negligence of appellant. See generally *Carpenter v. Lyons*, 78 Ga. App. 214, 217-218 (50 SE2d 850) (1948). Accordingly, we hold appellant is entitled to summary judgment on this claim. See generally *Hercules, Inc. v. Lewis*, 168 Ga. App. 688 (309 SE2d 865) (1983).

4. Our holdings in Divisions 1 and 2 make consideration of appellant's other enumerations unnecessary.

*Judgment reversed. Carley, C. J., Banke, P. J., Birdsong, Pope, Benham and Beasley, JJ., concur. Deen, P. J., and McMurray, P. J., dissent.*

DEEN, Presiding Judge, dissenting.

The appeal in this case is from the trial court's order of March 23, 1988, denying defendant's motion for summary judgment. The court order in part stated: "Assuming *arguendo* defendant's agent assumed a duty to protect plaintiff, there exist genuine issues of material fact as to whether the agent acted in a negligent matter [*sic*]."

The security guard gave a statement to the police within two hours of the incident, stating that he saw one of the two women with a knife and told her to put it away. This testimony was inconsistent with later remarks in his deposition, that he did not see a knife. We cannot say that this inconsistency was a deliberate contradiction of testimony; therefore, construing it in favor of the party opposing the summary judgment, the trial judge did not err in requiring resolution by the jury of these issues as to any breach of duty by the defendant.

The majority relies on *Shockley v. Zayre of Atlanta*, 118 Ga. App. 672 (165 SE2d 179). Even that case indicates "that a person who intervenes in a personal altercation is bound to exercise ordinary care in his rescue efforts." Id. at 674. In the cited case, no trained security guard was employed by the business proprietor. In the instant case, one was employed, indicating an additional awareness for a duty to invitees. Reasonable minds may differ whether the security guard who saw the knife did something he should not have done or failed to do something that should have been done, in view of the circumstances and of his knowledge. A jury question is presented.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED JANUARY 5, 1989 —
REHEARING DENIED JANUARY 30, 1989 —

*Chambers, Mabry, McClelland & Brooks, Rex D. Smith, Stefan E. Ritter,* for appellant.

*Ashman & Zipperer, Charles R. Ashman, Ralph R. Lorberbaum,* for appellee.