## A91A0415. TAYLOR v. ATLANTA CENTER LIMITED et al.

(406 SE2d 506)

McMurray, Presiding Judge.

Betty L. Taylor brought the instant action against Atlanta Center Limited, a Georgia Limited Partnership, d/b/a Atlanta Hilton and Towers ("Atlanta Center") and others and alleged that she sustained serious injuries at defendant Atlanta Center's hotel as a result of a failure to exercise the requisite degree of care and skill in keeping the hotel premises safe. More specifically, Betty L. Taylor, plaintiff, alleged that on January 1, 1986, she was seriously injured at defendant's hotel when an inebriated hotel patron "threw or dropped a broom from the seventeenth floor of the atrium within the hotel which struck plaintiff in the head and shoulders as she stood in the hotel lobby with her husband." Defendant Atlanta Center answered and admitted that "[o]n January 1, 1986, [David] O'Hare, while an occupant of the Atlanta Hilton and Towers, threw or dropped a broom from the seventeenth floor of the atrium within the hotel which struck plaintiff in the head and shoulders as she stood in the hotel lobby with her husband," but denied the remaining material allegations of the complaint. Defendant Atlanta Center later filed a motion for summary judgment. The undisputed evidence reveals the following:

Plaintiff and her husband checked into defendant Atlanta Center's downtown Atlanta hotel during the afternoon of December 31, 1985. At about 6:30 that evening, plaintiff left the hotel premises with her husband and another couple to attend a New Year's eve dinner, dance and breakfast at the "Shrine Temple" on "Ponce de Leon." Plaintiff and her husband returned to the hotel with the other couple at about 1:30 in the morning on January 1, 1986. The hotel lobby was then "crowded, [i.e., there were] lots of bodies just kind of jammed up against each other." Plaintiff and the other couple made their way to an area in the hotel lobby near an elevator and waited while plaintiff's husband made arrangements to park the car. Plaintiff's husband soon joined his wife and the other couple in the hotel lobby and, within moments after his arrival, an object struck plaintiff's head and "stunned" her. Plaintiff "grabbed" her bleeding head and became unsteady on her feet. Plaintiff's husband then "sat [plaintiff] down on some steps in the lobby . . ." and hotel security personnel approached plaintiff and attempted to comfort her. Plaintiff then heard a hotel security officer say, " 'she's got to go to the hospital.' " Plaintiff was later taken to the hospital and treated for injuries.

The trial court granted defendant Atlanta Center's motion for summary judgment and this appeal followed. Held:

Plaintiff contends the trial court erred in granting defendant's

motion for summary judgment, arguing that genuine issues of material fact remain as to the foreseeability of the dangerous/criminal conduct which caused her injuries. However, defendant argues that it is insulated from liability because plaintiff's injuries were the result of an unforeseeable intervening criminal act.

"Although a business proprietor is not an insurer of the safety of its patrons, *Washington Rd. Properties v. Stark,* 178 Ga. App. 180, 181 (342 SE2d 327) (1986), a proprietor 'has a duty, when he can reasonably apprehend danger to a customer from the misconduct of other customers or persons on the premises, to exercise ordinary care to protect the customer from injury caused by such misconduct.' *Shockley v. Zayre of Atlanta,* 118 Ga. App. 672, 673 (165 SE2d 179) (1968). However, 'unforeseen and unexpected acts particularly those mala in se perpetrated by third parties on the proprietor's premises do not activate liability by the proprietor . . . (unless) it is shown that the proprietor has reasonable grounds for apprehending that the very type criminal act which resulted in injury to his guests is reasonably likely to occur. (Cit.)' *Fowler v. Robertson,* 178 Ga. App. 703, 704 (344 SE2d 425) (1986). 'Not what actually happened, but what the reasonably prudent person would then have foreseen as likely to happen, is the key to the question of reasonableness." (Cit.)' *Shockley,* supra at 675 (1)." *Adler's Package Shop v. Parker,* 190 Ga. App. 68, 69 (1 a) (378 SE2d 323).

In the case sub judice, there was no conclusive evidence that plaintiff's injuries were *not* a foreseeable consequence of the New Year's gathering at defendant's hotel on January 1, 1986.[1] On the contrary, there is evidence indicating that defendant is aware of greater danger to hotel patrons during New Year's celebrations, e.g., there was evidence that defendant's policy is to increase hotel security on New Year's eve and that violent criminal acts had occurred at defendant's hotel during another occasion in the early morning hours of New Year's day, 1983.

" ' "To entitle the defendant to a summary judgment the undisputed facts as disclosed by the pleadings and evidence must negate at least one essential element entitling plaintiff to recovery and under every theory fairly drawn from the pleadings and evidence (cits.) and if necessary, prove the negative or nonexistence of an essential ele-

---

[1] The only evidence of defendant's hotel security measures is the deposition of a security director who was not employed at the hotel when plaintiff was injured and an affidavit of a security director who was in charge of defendant's hotel security on January 1, 1983. These witnesses indicated no firsthand knowledge of the circumstances surrounding plaintiff's injuries and no knowledge of hotel security during the 1986 New Year's celebration. In fact, other than nonprobative hearsay in plaintiff's deposition, there is little evidence regarding the environment at defendant's hotel on the night of plaintiff's injuries and no evidence regarding the circumstances surrounding the incident which led to plaintiff's injuries.

ment affirmatively asserted by the plaintiff." (Cit.)' (Emphasis omitted.) *Waller v. Transworld Imports,* 155 Ga. App. 438, 439 (271 SE2d 1) (1980); *Tolbert v. Tanner,* 180 Ga. App. 441, 444 (2b) (349 SE2d 463) (1986)." *Bishop v. Mangal Bhai Enterprises,* 194 Ga. App. 874 (2) (392 SE2d 535).

In the case sub judice, defendant Atlanta Center failed to negate at least one essential element of plaintiff's claim, i.e., that defendant failed to exercise the requisite degree of care and skill in keeping its hotel premises safe. Consequently genuine issues of material fact remain as to the foreseeability of the criminal conduct which caused plaintiff's injuries and as to the adequacy and non-negligent utilization of defendant's security.[2] The trial court erred in granting defendant's motion for summary judgment. See *Atlanta Center Ltd. (A.B.V.I. Corp.) v. Cox,* 178 Ga. App. 184 (341 SE2d 15). Compare *Adler's Package Shop v. Parker,* 190 Ga. App. 68, 69 (1, a and b), supra, where this Court held that the ordinary duty to protect business invitees from dangerous conduct of others does not require the proprietor to intervene to save a business invitee from an *unforeseeable* assault arising from the assailant's personal malice toward the victim.

*Judgment reversed. Sognier, C. J., and Andrews, J., concur specially.*

SOGNIER, Chief Judge, concurring specially.

Although I agree with the result reached by the majority, I cannot agree completely with the analysis therein, and write specially to set forth my reasons.

Appellant's claim against appellee is premised on appellee's alleged negligence in failing to protect appellant, an invitee, from a criminal assault occurring on appellee's premises. Thus, appellee may be liable to appellant either if it had reasonable cause to believe such a criminal act would occur, or if it undertook to provide security but failed to discharge that duty with reasonable care. See *Grandma's Biscuits v. Baisden,* 192 Ga. App. 816 (386 SE2d 415) (1989); *Adler's Package Shop v. Parker,* 190 Ga. App. 68, 69-72 (1) (378 SE2d 323) (1989). To meet its burden as the defendant-movant on summary judgment, appellee was required to pierce an essential element of appellant's claim for negligence. Since there is no evidence that appel-

---

[2] Where security is provided in common areas of a hotel, the proprietor, "having undertaken that very duty, [is] required to perform it in a non-negligent manner. See *Shirley Cloak &c. Co. v. Arnold,* 92 Ga. App. 885, 892 (90 SE2d 622) (1955); *Mixon v. Dobbs House,* 149 Ga. App. 481, 483-484 (254 SE2d 864) (1979); *Georgia-Car. Brick &c. Co. v. Brown,* 153 Ga. App. 747, 755 (266 SE2d 531) (1980); *Cunningham v. Nat. Svc. Indus.,* 174 Ga. App. 832, 834-839 (331 SE2d 899) (1985)." *Atlanta Center Ltd. (A.B.V.I. Corp.) v. Cox,* 178 Ga. App. 184, 185 (341 SE2d 15).

lant relied on protection from the security guards present in the hotel or that any guard increased the risk of harm to her, appellee has rebutted any claim of negligent provision of security. See *Grandma's Biscuits*, supra at 818 (2); *Adler's*, supra at 70-72 (1) (b).

The remaining basis for appellee's liability, if any, arises from its responsibility as a proprietor to protect its patrons from reasonably foreseeable dangers. I agree that the statement of law quoted by the majority from *Adler's*, supra at 69 (1) (a) concerning a proprietor's liability for acts mala in se sets forth the law pertinent to this case, but I cannot agree with the majority's application of the cited principles to the facts herein. "While the relevancy of other occurrences is ordinarily within the sound discretion of the court, it is necessary that the conditions of the things compared be substantially similar. Without a showing of substantial similarity, the evidence is irrelevant as a matter of law and there is nothing upon which the court's discretion can operate. To establish the existence of a dangerous condition at one place, it is generally not permissible to show conditions at other places [on the premises]." (Citations and punctuation omitted.) *Cooper v. Baldwin County School Dist.*, 193 Ga. App. 13, 14 (386 SE2d 896) (1989). Accordingly, to pierce the remaining allegation of failure to protect against a dangerous condition known to exist, appellee was required to establish that no substantially similar incidents had occurred in the several years prior to the occurrence at issue. A general awareness of prior violent acts occurring elsewhere on the property under circumstances different from those at issue — e.g., evidence of prior assaults on patrons in their rooms or in the elevators — would not be sufficient to put appellee on notice of the danger to patrons from objects thrown from balconies. See *Grandma's Biscuits*, supra at 817 (1); *Nalle v. Quality Inn*, 183 Ga. App. 119 (358 SE2d 281) (1987).

In support of its motion, appellee submitted the April 1989 deposition of its current director of security, Salvatore Caccavale, who testified that the hotel had experienced no other incidents of objects being dropped from balconies onto hotel patrons during his tenure. Caccavale, however, was not employed as security director until several months *after* appellant was injured. Appellee also proffered the 1984 affidavit testimony of Warren Beckham, the previous security director, but his affidavit detailed only the violent injuries to patrons that had occurred prior to January 1, 1983, which was three years before the incident at issue. Although Caccavale did testify that Beckham had told him there were no similar incidents or injuries prior to Caccavale's tenure, that hearsay testimony is insufficient to demonstrate the absence of a genuine issue of material fact. See *Parlato v. MARTA*, 165 Ga. App. 758, 759 (1) (302 SE2d 613) (1983). Accordingly, in the absence of testimony based on personal knowledge

or properly authenticated hotel records indicating there had been no substantially similar incidents so as to place appellee on notice of the risk, I conclude the trial court erred by granting summary judgment to appellee. See id.

I am authorized to state that Judge Andrews joins in this special concurrence.

DECIDED MAY 30, 1991 —
REHEARING DENIED JUNE 20, 1991 — ▮▮▮▮▮▮▮▮

*McNally, Fox, Mahler & Cameron, Patrick J. Fox, Philip P. Grant*, for appellant.

*Duncan & Mangiafico, Edgar S. Mangiafico, Jr., J. Wayne Pierce*, for appellees.

David O'Hare, *pro se*.