## 75521. GRAY v. GOBER.
(365 SE2d 279)

McMurray, Presiding Judge.

Appellant Misty Michelle Gray filed suit against Margaret Ann Swint and appellee Helen R. Gober seeking damages for injuries incurred in a automobile collision. Her complaint alleged that she was attempting to make a left turn off U. S. Highway 78 onto property owned by Ms. Gober; that Ms. Swint was driving at a high rate of speed toward her from the opposite direction; that a pile of dirt and gravel placed upon the right-of-way of U. S. Highway 78 obstructed her entrance into the driveway of the Gober property; and that as a result of the joint and concurrent negligence of the two defendants a collision occurred between her automobile and the one operated by Ms. Swint. Both defendants responded, denying the material allegations, and appellee Gober filed a motion for summary judgment.

Ms. Gober also filed a statement of material facts as to which there was no genuine issue, supported by affidavits, interrogatories, depositions and photographs. The uncontradicted facts were that plaintiff Gray, appellee Gober's granddaughter, had no memory or recollection of the automobile collision due to trauma induced amnesia caused by head injuries; that the purpose of Ms. Gray's visit on the day of the visit did not involve the conduct of any business between them; that approximately two days before the visit a county

agency deposited a load of dirt and gravel in the driveway of appellee Gober's residence without her request, knowledge or consent; that the dirt was piled in a mound about three feet high situated more or less in the center of the driveway many feet beyond the edge of the two paved lanes of U. S. Highway 78 and the right-of-way; that the mound was clearly visible, unconcealed and unobscured to anyone turning into the driveway; and that the collision occurred within the paved portion of U. S. Highway 78.

Sharon Elaine Allen deposed by affidavit the following uncontradicted facts: She was driving west on Highway 78 at 5:00 p.m. with her sister as a passenger and had been following for some time the automobile operated by Ms. Gray. When Ms. Gray's vehicle signaled a left-hand turn and began to slow down, Ms. Allen also slowed down. She saw that a car was headed east in the other lane. She felt sure that Ms. Gray would wait for the oncoming car to pass because it was so close, but "to [her] surprise, just as the car was upon her Ms. Gray began her left-hand turn and was immediately struck by the oncoming car," which was operated by Ms. Swint. Because of the suddenness of the turn Ms. Allen did not think the oncoming car had time to apply brakes or take any evasive action. "Ms. Gray did not hesitate or stop while she was making her turn but simply began and steadily continued to turn until she was struck by the oncoming vehicle." Ms. Gray's car at no time hesitated, stopped or traveled at a slow rate of speed, but the turn was made in such close proximity to the oncoming car that Ms. Allen did not believe that Ms. Gray's automobile could have cleared the lane of traffic and completed the turn even if she had accelerated at maximum speed.

Appellant Gray moved to strike all affidavits and exhibits submitted by appellee Gober on various grounds, including specified alleged remaining genuine issues of fact, and also, because of her amnesia moved pursuant to OCGA § 9-11-56 (f) for the court to refuse the application for judgment or order a continuance until such time as her memory improved so that she could present by affidavit "all the facts essential to justify her opposition" to the motion for summary judgment. After reviewing the motions, arguments and supporting documents, the court ruled that the assertions of negligence against appellee Gober regarding the mound of dirt in her driveway could not be construed as the proximate cause of Ms. Gray's injuries, nor was the mound causally related to the collision between her and Ms. Swint. Appeal is from the grant of Ms. Gober's motion for summary judgment. *Held*:

1. Appellant contends that the trial court's ruling was erroneous because it impermissibly invaded the province of the jury by usurping the factual determinations remaining to be made in regard to issues of negligence in general, and causation in particular. She argues that

the court apparently focused only on whether a mound of dirt could ever be the proximate cause of an injury, rather than the issues of where the dirt was located, the size of the mound, the joint occurrence of the oncoming car and when the dirt could first be seen, and appellee Gober's responsibility for having the dirt placed in her driveway and failure to have it removed or warn of potential danger.

This argument fails both factually and as a matter of law. There was no contradictory competent evidence that appellee Gober caused the dirt to be placed where it was or that its location caused a hazard. In his deposition appellant's father deposed that the mound of dirt was some 20 feet away from the paved road surface, and there was room for a car to pass around it in the driveway. This was corroborated by photographs. While Mr. Gray's affidavit contained certain speculations as to how the mound might have contributed to the collision, the observations of the one eyewitness to the collision are the only evidence to affirmatively show what happened.

We are certainly aware that "a landowner whose land is immediately adjacent to a public way . . . may not, without incurring a duty, maintain an artificial condition so situated that persons lawfully using the public way may, by accident or some force not their own fault . . . be injured by the artificial condition. [Cits.]" *International Paper &c. Co. v. Bethune*, 256 Ga. 54, 55 (344 SE2d 228) (1986), aff'g 177 Ga. App. 330 (339 SE2d 296) (1985). However, the liability of the landowner in such cases is based upon injuries to innocent persons lawfully *on the property* resulting from the negligent maintenance of such property. Appellant's injuries were not caused by running into the mound of dirt on the Gober property, or even by trying to avoid it; she turned in front of an oncoming car and was struck in the paved roadway. Her assertions to the contrary are merely speculations as to what difficulties the mound might have caused, which were negated by the undisputed eyewitness account of the collision. "We are aware of no precedent which would impose a standard of care on one person which requires him to *presume* the negligence or sudden emergency of another. This proposition is simply untenable." *Tallman Pools of Ga. v. James*, 181 Ga. App. 341, 343 (352 SE2d 179) (1986).

Thus, while it cannot be said that the mound of dirt, under *any* set of circumstances, could not be the proximate cause of appellant's injuries, it was affirmatively established under the circumstances shown that appellant's injuries were not caused by any negligence on the part of appellee. " 'A proximate cause in the law of negligence is such a cause as operated to produce particular consequences without the intervention of any independent unforeseen cause without which the injuries would not have occurred.' [Cit.] The Supreme Court of the United States in *Milwaukee &c. R. Co. v. Kellogg*, 94 U. S. 469 (24 Led. 256), said: 'It is admitted that the rule is difficult of applica-

tion. But it is generally held that, in order to warrant a finding that negligence, or an act not amounting to a wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances . . . We do not say that even the natural and probable consequences of a wrongful act of omission are in all cases to be chargeable to the misfeasance or nonfeasance. They are not when there is a sufficient and independent cause operating between the wrong and the injury. In such a case the resort of the sufferer must be to the originator of the intermediate cause. But when there is no intermediate efficient cause, the original wrong must be considered as reaching to the effect, and proximate to it. The inquiry must, therefore, always be whether there was any intermediate cause disconnected from the primary fault.' [Cit.]" *Georgia Power Co. v. Murray*, 57 Ga. App. 141, 149, 150 (194 SE 403) (1937). Accord *Ivey v. Fort Valley Utilities Comm.*, 178 Ga. App. 791 (344 SE2d 543) (1986).

"Summary judgment should only be granted when there is no genuine issue of a material fact to be resolved by the trier of facts, and the movant is entitled to judgment as a matter of law applicable to the facts. [Cit.] In adjudication of the motion, the trial court must give the respondent the benefit of all favorable inferences that may reasonably be drawn from the evidence. [Cit.] Although negligence cases are not frequently susceptible to final adjudication by motion for summary judgment, nevertheless, in cases of plain, palpable and indisputable evidence, summary judgment may be awarded. [Cits.]" *Tallman Pools of Ga. v. James*, 181 Ga. App. 341, supra at 342. ". . . Only (appellant's) bare assertion that the situation is unsafe opposes (appellee's) evidence (to the contrary). This simply is insufficient to show any breach of duty to (appellant) by (appellee). It shows only that appellant unfortunately [was injured]. In these circumstances, the trial court did not err in granting summary judgment to [appellee]." *Ivey v. Fort Valley Utilities Comm.*, 178 Ga. App. 791, 792, supra. See *Martin v. Bank South*, 175 Ga. App. 422, 423-24 (333 SE2d 616) (1985). Accord *Wanless v. Winner's Corp.*, 177 Ga. App. 783, 785 (2) (341 SE2d 250); *Fort v. Boone*, 166 Ga. App. 290 (304 SE2d 465) (1983).

2. Appellant complains that the trial court's failure to deny appellee's application for summary judgment based upon her invocation of OCGA § 9-11-56 (f) was an abuse of discretion. We do not agree. The cited Code section provides that the court "*may* refuse the application for judgment, or *may* order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had . . ." (Emphasis supplied.) However, it has been recognized that postponements are required only when there is an identified eyewitness to the

occurrence, not for unidentified or unknown witnesses or to engage in "fishing expeditions" in the hope of coming up with a tenable cause of action. *Herring v. R. L. Mathis &c. Co.*, 121 Ga. App. 373, 377 (2) (173 SE2d 716) (1970).

Appellant sought a continuance solely on the hope that her memory might improve to the point that she could remember the events at the time of the collision, but she offered no medical or other expert evidence that this was likely to occur. Moreover, there is no way to know whether any regained memories would be favorable or unfavorable to her case. " 'What must be shown . . . are such circumstances as give the court reason to expect that beneficial objectives of pretrial discovery will be achieved.' [Cit.]" *Herring v. R. L. Mathis &c. Co.*, 121 Ga. App. 373, supra at 377. Since almost four years had passed at the time of trial with no return of memory, we cannot say that refusal to grant a continuance was an abuse of discretion. Accord *Calcutta Apts. Assoc. v. Linden & Deutsch*, 131 Ga. App. 743, 744 (1) (206 SE2d 559) (1974).

3. It follows that the grant of summary judgment to appellee was proper, since no genuine issue of material fact remained for jury determination.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED JANUARY 25, 1988.

*George C. Turner, Jr.*, for appellant.
*Thomas E. Greer, William H. Boling, Jr.*, for appellee.