A95A2542. SUMMERS et al. v. DEUTSCHE SEEREEDEREI
ROSTOK GMBH et al.
(469 SE2d 289)

BLACKBURN, Judge.

William P. Summers and Lisa A. M. Summers brought the underlying maritime tort action. The complaint sought damages for injuries William sustained as a longshoreman in discharging cargo from the Motor Vessel Bergen in an accident on November 30, 1993 and for Lisa's loss of consortium. Summers alleged that the cargo operation of his employer was "visibly dangerous and obviously unsafe" and that the ship's owner, Deutsche Seereederei Rostok Gmbh (Deutsche), knew of the unsafe condition through the ship's crew. Deutsche answered denying the material allegations of the complaint. Thereafter, the trial court denied Deutsche's motion to dismiss but granted its motion for summary judgment finding that "[b]ecause there is no evidence of failure to provide a safe vessel and equipment, actual knowledge of a dangerous condition giving rise to a duty to intervene, or actual negligence or participation in cargo operations, the motion for summary judgment on plaintiff William Summers' claim is appropriate. Additionally, plaintiff Lisa Summers' loss of

consortium claim is derivative and cannot be maintained against a party who is not liable to her husband." The Summerses appeal from the grant of summary judgment for Deutsche.

1. The Summerses contend that the trial court erred by granting Deutsche summary judgment in that a jury question exists as to whether Deutsche had knowledge of a dangerous condition which required it to intervene in cargo operations.

In *Scindia Steam Navigation Co. v. De Los Santos*, 451 U. S. 156 (101 SC 1614, 68 LE2d 1) (1981) the United States Supreme Court set forth the applicable standard of negligence under the Longshoremen's and Harbor Workers' Compensation Act, 33 USC § 905 (b),[1] where, as here, cargo operations have begun. In this regard, *Scindia* holds that the shipowner has no duty to supervise longshoremen or to discover dangerous conditions which develop within the confines of cargo operations conducted by the stevedore.[2] Id. at 172. "The necessary consequence is that the shipowner is not liable to the longshoremen for injuries caused by dangers unknown to the owner and about which he had no duty to inform himself." Id. However, "there are circumstances in which the shipowner has a duty to act where the danger to longshoremen arises from the malfunctioning of the ship's gear being used in the cargo operations." Id. at 175. A duty to intervene and repair a ship's equipment is deemed to arise where the shipowner is aware of the defect and is aware that the stevedore knows of the defect, and continues to use the equipment in an "obviously improvident" manner. Id. at 175.

Summers does not contend that he was injured by defective equipment, only that his stevedore's cargo operation was conducted in a negligent manner and that Deutsche negligently failed to intervene, which resulted in his injury. By his failure to respond to Deutsche's request for admissions he admits, among other things, that he has no evidence that the accident was caused by any defect in the ship or its gear. See OCGA § 9-11-36 (a) (2). Inasmuch as Summers introduced no evidence showing defective ship's equipment, he failed to establish any breach of the duty of care as owed to him. *Scindia*, supra. Accordingly, this enumeration of error is without merit.

2. Summers further enumerates that the trial court erred in granting Deutsche's motion for summary judgment without allowing Summers to obtain additional discovery. OCGA § 9-11-56 (f) permits a party to request a continuance by affidavit stating that, for reasons given, he cannot present by affidavit facts sufficient to justify his opposition to a motion for summary judgment. "[T]he grant or denial of

---

[1] State substantive law does not apply to this case since the federal law is exclusive. *Anderson v. Savannah Machine &c. Co.*, 96 Ga. App. 621 (100 SE2d 621) (1957).

[2] The stevedore is the longshoremen's employer. *Scindia*, supra at 170.

a continuance is a matter within the discretion of the trial judge and unless clearly abused will not be interfered with. This applies in summary judgment proceedings." (Citations and punctuation omitted.) *Wilson v. Tara Ford, Inc.*, 200 Ga. App. 98, 101 (406 SE2d 807) (1991). Only in the instance where there is an identified witness to the occurrence is such a continuance required. A continuance is not required in the event witnesses are unidentified or unknown. *Gray v. Gober*, 185 Ga. App. 624, 627-628 (365 SE2d 279) (1988). Neither is it required to permit " 'fishing expeditions' in the hope of coming up with a tenable cause of action." Id. at 628. Rather the movant must satisfy the court that if given a continuance "beneficial objectives of pretrial discovery will be achieved." (Punctuation omitted.) Id.

The Summerses supported their opposition to Deutsche's motion for summary judgment by the affidavit of trial counsel in which they requested a continuance. The affidavit, undated and not notarized, was served two days after the Summerses took depositions of the stevedore's representatives who had supervised the cargo operations. Thus, at the time the Summerses sought a continuance, the degree to which the ship's crew participated in cargo operations was available to the Summerses. Further, the Summerses delayed requesting a continuance for nearly three months after filing suit, averring only that further "[d]iscovery may uncover [the crew's] active involvement." In effect, they sought further discovery upon the "fishing expedition" rationale we rejected in *Gray*. Id. Under these circumstances, we conclude that the trial court did not err by denying the Summerses' request for continuance to allow discovery.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the disputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. [Cit.]" *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewing the evidence in the light most favorable to the Summerses, we find that the trial court's grant of summary judgment for Deutsche was proper.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 8, 1996.

*John H. Cooper*, for appellants.

*Chamlee, Dubus & Sipple, George H. Chamlee*, for appellees.