A06A2335. WRIGHT et al. v. AFLAC, INC.
(643 SE2d 233)

RUFFIN, Judge.

Ector and Maude Wright sued AFLAC, Inc., an insurance company, claiming that they own stock in AFLAC as a result of their 1957 purchase of stock in Security Finance and Investment Corporation ("Security Finance"). The trial court granted AFLAC's motion for summary judgment, and the Wrights appeal. Because we agree with the trial court that AFLAC was entitled to judgment as a matter of law, we affirm.

On appeal from a grant of summary judgment, we examine the evidence de novo, and we view the evidence and all inferences drawn therefrom in a light favorable to the nonmoving party.[1] A defendant is entitled to summary judgment if it shows that "the record lacks evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case. The defendant does not need to affirmatively disprove the plaintiff's case, but may prevail simply by pointing to the lack of evidence."[2] If this is shown, the plaintiff "cannot rest on his pleadings, but must point to specific evidence that gives rise to a triable issue of fact."[3]

---

[1] See *Adamchick v. Cracker Barrel Old Country Store*, 281 Ga. App. 677 (637 SE2d 44) (2006).

[2] (Punctuation omitted.) Id.

[3] (Punctuation omitted.) Id.

The evidence shows that the Wrights entered into a stock subscription agreement with Security Finance in January 1957. The salesman they allegedly dealt with was W. W. Sasser. In June 1957, the Wrights cancelled the contract, which left them with 20 shares of Security Finance stock. In 1964, the Wrights sought to have the 20 shares issued to them, along with any dividends. They never received stock certificates from Security Finance.

Security Finance was a Georgia corporation whose stated business purposes were, among others, to conduct "a general brokerage business," to buy and sell real property and "conduct a general mortgage loan business," and "[t]o conduct any other legally valid type [of] business." No mention of insurance was made in the company's charter. Security Finance was administratively dissolved in 1988. There is no evidence in the record that shares of Security Finance stock were ever transformed into AFLAC stock.

Marguerite Smith, a friend of the Wrights, purchased stock through Sasser in the 1950s. She does not know if the Wrights bought the same stock she purchased. When she sold her stock, it was American Family Life stock. Another friend of the Wrights, Merrell Ramick, also purchased stock through Sasser in the 1950s. She "received dividends from the stock from American Family Life Assurance Company or what is known today as AFLAC."

In 2005, the Wrights filed a declaratory judgment action against AFLAC, seeking to have AFLAC issue them the equivalent of "20 original shares of AFLAC stock" with splits and dividends that had accrued since 1957. They subsequently amended their complaint to allege fraud and seek liquidated and punitive damages. They contend that because their friends purchased stock from the same salesman during the same time period, they must have purchased the same stock as their friends, which became AFLAC stock. AFLAC moved for summary judgment, and the trial court granted its motion, finding that: the Wrights failed to show that the stock they purchased is today AFLAC stock; their claims to enforce the stock subscription agreement and for fraud are both barred by the applicable statutes of limitation; and their claims are barred by the doctrine of laches.

1. As a threshold matter, we address the grave deficiencies of the Wrights' brief. While they have enumerated 11 errors, they have not numbered their arguments correspondingly in the brief and have failed to support some of the arguments with citation of authority.[4] We caution counsel that this Court's rules "are designed to facilitate the consideration of enumerated errors and compliance with such rules is not optional," and that future violations may result in

---

[4] See Court of Appeals Rule 25 (c) (1), (2).

sanctions.[5] The Wrights' failure to adhere to our rules has hampered our ability to ensure that all their arguments are addressed. Accordingly, the Wrights are wholly responsible for any allegation of error that we are unable to fully address.[6]

Many of the Wrights' enumerations of error are duplicative. Their main contentions appear to be that: (1) the trial court erred in ruling on the motion for summary judgment prior to the close of discovery; (2) the trial court should have struck AFLAC's answer; (3) the statute of limitation should have been tolled on their fraud claim until the discovery of the fraud; and (4) the statute of limitation should have been tolled on their declaratory judgment claim. We thus address the Wrights' contentions in this order.

2. Upon reviewing the record, we conclude that the Wrights have utterly failed to present evidence sufficient to create a triable issue of fact as to their claims against AFLAC. The crux of the Wrights' argument is that they purchased stock in a company that subsequently became AFLAC. But it is undisputed that the Wrights purchased stock in Security Finance. And there is no evidence in the record, other than the speculation of the Wrights, that Security Finance stock was ever transformed into AFLAC stock.[7] The Wrights' assertion that "[s]ome [Security Finance] stock was exchanged for [AFLAC] stock" is likewise unsubstantiated, as Smith and Ramick did not state that they originally purchased Security Finance stock.

Furthermore, there is absolutely no evidence in the record of fraud on the part of AFLAC. Fraud must be pleaded with particularity.[8] The Wrights' allegations of fraud are vague at best and seem to hinge on the unsubstantiated assertion that the father of AFLAC's founder was one of the incorporators of Security Finance. Accordingly, the trial court properly granted summary judgment to AFLAC.[9]

3. The Wrights argue that the trial court should not have entertained the motion for summary judgment because AFLAC had not yet responded to their discovery requests. A defendant, however, may move for summary judgment "at any time."[10] If the Wrights

---

[5] (Punctuation omitted.) *Mariner Healthcare v. Foster*, 280 Ga. App. 406, 408 (1) (634 SE2d 162) (2006).

[6] See *Burt, Burt &c. v. Dougherty County Tax Assessors*, 256 Ga. App. 648 (1) (569 SE2d 557) (2002).

[7] In a sworn statement, Mrs. Wright testified, when asked how she knew that Security Finance and AFLAC were connected, that "I just knew." In his sworn statement, Mr. Wright testified that he believed the stock he was buying would eventually become insurance stock. The corporate documents of Security Finance appearing in the record make no mention of AFLAC.

[8] See *Majeed v. Randall*, 279 Ga. App. 679, 680 (2) (632 SE2d 413) (2006).

[9] See *JarAllah v. Schoen*, 243 Ga. App. 402, 404 (1) (531 SE2d 778) (2000).

[10] OCGA § 9-11-56 (b).

believed that AFLAC's discovery responses were necessary in order to adequately respond to the motion, they could have sought a continuance to obtain the discovery.[11] They did not do so. In fact, the Wrights consented to two extensions of time for AFLAC to respond to discovery, first agreeing that AFLAC's responses would be due December 30, 2005 and then that the responses would be due 30 days after the trial court ruled on the motion for summary judgment. In their response to the motion for summary judgment, filed January 17, 2006, the Wrights pointed out that AFLAC had not responded to discovery, but did not suggest what relevant facts might be learned through discovery.[12]

The Wrights

cannot fail to exercise [their] legal remedies to compel discovery and/or to file a proper motion to request additional time to complete discovery and allege as error that the trial court failed to defer ruling on pending motions [for summary judgment] until either the other parties decide to respond to discovery or the party filing the discovery decides to utilize his legal remedies.[13]

As the Wrights never moved for a continuance and agreed to an extension of time for discovery responses, the trial court was authorized to rule on the motion for summary judgment before the Wrights completed their discovery.[14]

4. Without citation of authority, the Wrights contend that the trial court should not have ruled on the motion for summary judgment without first ruling on their motion to strike AFLAC's answer. Because the Wrights have made no cogent argument and provided no citation of authority, they have abandoned this issue on appeal.[15]

---

[11] See OCGA § 9-11-56 (f); *Piedmont Hosp. v. Reddick*, 267 Ga. App. 68, 71-72 (2) (599 SE2d 20) (2004); *Vick v. Tower Place, L.P.*, 268 Ga. App. 108, 109 (1) (601 SE2d 348) (2004).

[12] The only unanswered discovery requests specifically mentioned in the Wrights' opposition to the motion for summary judgment are requests for the "records" of Smith and Ramick. But it is unclear how any records of Smith and Ramick's ownership of AFLAC stock would shed light on the Wrights' claims. See *Wilson v. Edward Don & Co.*, 275 Ga. App. 787, 789 (3) (622 SE2d 18) (2005) (trial court did not abuse its discretion in denying motion for continuance to obtain discovery under OCGA § 9-11-56 (f) where party did not specify what material information it expected to obtain).

[13] *Corry v. Robinson*, 207 Ga. App. 167, 170 (3) (427 SE2d 507) (1993).

[14] See id.; *Southern Healthcare Systems v. Health Care Capital Consolidated*, 273 Ga. 834, 835 (2) (545 SE2d 882) (2001) ("The mere possibility that [the nonmovant] may have discovered additional facts was not enough to require postponement [of the hearing on a motion for summary judgment]."); *Capital Constr. Co. v. Professional Svc. Indus.*, 258 Ga. App. 44, 48 (3) (574 SE2d 333) (2002).

[15] See *Smith v. State*, 278 Ga. App. 315, 323 (9) (628 SE2d 722) (2006).

5. Because of our holding in Division 2, we need not reach the question of whether the Wrights' claims are barred by the applicable statutes of limitation.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 31, 2007 —
RECONSIDERATION DENIED MARCH 7, 2007 —

*Bonnie M. Smith,* for appellants.
*Waldrep, Mullin & Callahan, Joseph L. Waldrep, Ben Kirbo,* for appellee.