## A11A0841. GOVINDASAMY v. WELLS FARGO BANK, N.A.
### (715 SE2d 737)

MIKELL, Judge.

Proceeding pro se, Elamurughu Govindasamy ("Govindasamy") appeals from the trial court's grant of summary judgment to Wells Fargo Bank, N.A., holder of his home equity line of credit. He argues that the trial court's consideration of summary judgment was premature due to pending discovery and that the grant of summary judgment was in error. We affirm.

Wells Fargo claimed that Govindasamy defaulted in making payments pursuant to the express terms of a home equity agreement executed on March 2, 2007. Govindasamy was served with process, Summons and Complaint on May 20, 2010. On June 15, 2010, Govindasamy filed a pleading entitled "Motion to Dismiss for Failure to State a Cause of Action" asserting that the complaint failed to state facts sufficient to create a cause of action upon which relief could be granted.

On July 19, 2010, Wells Fargo filed a motion for summary judgment which was supported by affidavits with exhibits attached.

A hearing was held in State Court on August 9, 2010, regarding Govindasamy's Motion to Dismiss and, after a review of the pleadings and consideration of oral argument from both parties, the State Court entered an order on the same date denying the motion and allowing the case to proceed.

On August 13, 2010, Govindasamy filed an "Answer to Complaint" which set forth several affirmative defenses. On August 17, 2010, Govindasamy filed a pleading captioned "Motion to Dismiss Plaintiff's Motion for Summary Judgment" asserting that Wells Fargo's motion was insufficient as a matter of law. In that pleading, Govindasamy requested an extension of time to conduct discovery. Govindasamy however, did not file or otherwise offer an affidavit in opposition to Wells Fargo's motion for summary judgment nor did he properly present any evidence in rebuttal.

Govindasamy claims that he served a Request for Admissions on opposing counsel and filed it with the Court on October 13, 2010. However, that request is not contained in the record before us.

A hearing was held in the state court on October 18, 2010, regarding Wells Fargo's motion for summary judgment at which both parties were present and offered oral arguments. There is no transcript of this hearing in the record before us. After consideration of the record, the evidence and oral arguments presented, the court entered an order on October 26, 2010, granting the motion. Again proceeding pro se, Govindasamy appeals.

1. As a threshold matter, we address the deficiencies of Govindasamy's brief. So far as we are able to determine, Govindasamy's

brief contains two enumerations of error and short arguments supporting each enumeration. But the remainder of his brief, captioned "Additional Arguments" does not follow the form or sequences required by Court of Appeals Rule 25 (c) (1). We caution that this Court's rules "are designed to facilitate the consideration of enumerated errors and compliance with such rules is not optional."[1] Govindasamy's failure to adhere to our rules has hampered our ability to ensure that all his arguments not addressed by enumerations of error are addressed. Accordingly, Govindasamy is wholly responsible for any allegation of error that we are unable to fully address.[2]

Govindasamy's brief appears to assert the following enumerations of error: that the grant of summary judgment was premature because there was a pending discovery request; and that the trial court erred in granting summary judgment without requiring plaintiff to address defendant's affirmative defenses. We address Govindasamy's contentions in this order.

2. Govindasamy contends that the trial court's grant of summary judgment was premature because Wells Fargo had not yet responded to his discovery requests. Govindasamy contends that he served a Request for Admissions upon Wells Fargo on October 13, 2010, almost three months after being served with the motion for summary judgment and only five days before the scheduled hearing.[3] He also notes that in a pleading he captioned "Motion to Dismiss Plaintiff's Motion for Summary Judgment" and filed on August 17, 2010, he requested an extension of time to conduct discovery. He argues that the trial court's ruling was premature and should have been withheld until the Request for Admissions had been responded to. Because the appellate record contains neither the Request for Admissions nor a ruling by the trial court addressing the request for an extension of time to conduct discovery, "[w]e cannot consider facts, related by briefs, which do not appear in the record sent up from the clerk of the lower court."[4]

The trial court was not required to wait until the end of the

---

[1] (Punctuation and footnote omitted.) *Wright v. AFLAC, Inc.*, 283 Ga. App. 890, 891-892 (1) (643 SE2d 233) (2007).

[2] Id., citing *Burt & Burt &c. v. Dougherty County Tax Assessors*, 256 Ga. App. 648 (1) (569 SE2d 557) (2002). See also *Salazar v. State*, 256 Ga. App. 50, 53 (4) (567 SE2d 706) (2002) (holding that a pro se defendant is not held to a different or more lenient standard merely because he elected to proceed pro se; one who knowingly elects to represent himself assumes full responsibility for complying with the substantive and procedural requirements of the law).

[3] As cited above, the appellate record does not contain a copy of the October 13, 2010 Request for Admissions.

[4] (Citation and punctuation omitted.) *Lawal v. Stanley Bostitch Co.*, 209 Ga. App. 439, 441 (433 SE2d 706) (1993).

discovery period prescribed by USCR Rule 5 before ruling on summary judgment.[5] A plaintiff may move for summary judgment "at any time, after the expiration of 30 days from the commencement of the action."[6] If a hearing is desired, at least 30 days from service of the motion must elapse before a hearing can be held, to give respondent time to file opposing evidence.[7] Both of these requirements were met in this case. If a respondent requires further discovery to properly respond to a motion, possible responses may include filing a motion to extend time to respond to the motion, a motion to compel, if the responses are overdue, or an affidavit pursuant to OCGA § 9-11-56 (f) setting forth why the respondent is unable to proceed without further discovery.[8] Govindasamy did not avail himself to any of these methods and did not provide any evidence in his response brief to Wells Fargo's motion for summary judgment. The record does not reveal any effort on the part of the appellant to secure a ruling from the trial court on his request for a continuance, nor does the record indicate that the appellant objected to the trial court hearing the motion for summary judgment prior to obtaining the responses to his Requests for Admissions, and thus he has not preserved this enumeration of error for our review.[9] "The burden is on the party alleging error to show it affirmatively by the record and when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed."[10]

3. Govindasamy next contends that the trial court erred in granting summary judgment to Wells Fargo because it did not address the affirmative defenses raised in Govindasamy's answer before issuing a ruling.

---

[5] Rule 5 of the USCR "does not conflict so as to prevent ruling on a motion for summary judgment until six months have passed, if the case is otherwise ripe for summary judgment." *Thurmond v. Richmond County Bd. of Ed.*, 207 Ga. App. 437, 439 (1) (428 SE2d 392) (1993). See also *Gray v. Whisenaut*, 258 Ga. 242 (368 SE2d 115) (1988) (noting that although USCR Rule 5 establishes a maximum six-month discovery period, the court may change the time allowed "in its discretion").

[6] OCGA § 9-11-56 (a).

[7] OCGA § 9-11-56 (c).

[8] *Summers v. Deutsche Seereederei Rostok Gmbh*, 220 Ga. App. 125, 126-127 (2) (469 SE2d 289) (1996).

[9] There is no transcript of the oral argument in the appellate record, and thus Govindasamy has failed to preserve the issue on appeal. *Bryant v. Wal-Mart Stores*, 203 Ga. App. 770, 773 (4) (417 SE2d 688) (1992) (holding that trial court did not err in ruling on appellee's motion for summary judgment before appellees complied with appellant's discovery request when the record reflected that appellant filed a motion to compel three days before the hearing and the record did not reveal any effort on the part of appellant to secure a ruling from the trial court on its motion to compel or object at the trial court hearing the motion for summary judgment prior to ruling on the motion to compel).

[10] (Punctuation and footnote omitted.) *Capital Land USA v. Mitsubishi Motors Credit of America*, 308 Ga. App. 71, 72-73 (1) (706 SE2d 590) (2011).

Upon reviewing the record, we conclude that Govindasamy has failed to present evidence sufficient to create a triable issue of fact as to Wells Fargo's claims against him. Summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[11] We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant.[12]

OCGA § 9-11-56 (e) provides:

> ... When a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Wells Fargo's motion for summary judgment was supported by the affidavit of one of its authorized representatives and set forth facts supported by exhibits, which, when considered as a whole, conclusively established the debt owed by Govindasamy. Although Govindasamy filed a response in his "Motion to Dismiss Plaintiff's Motion for Summary Judgment," he failed to comply with the requirements set forth in OCGA § 9-11-56 (e). Govindasamy did not provide an affidavit or other evidence rebutting Wells Fargo's claims, but instead rested on conclusory statements contained in his pleadings. If a plaintiff on a motion for summary judgment introduces evidence showing that there is no genuine issue of material fact and that the plaintiff is entitled to prevail on the undisputed facts, and the defendant merely rests on the pleadings without offering any evidence to suggest any remaining factual issue, the trial court's grant of summary judgment is correct.[13] We find that the trial court did not err in granting summary judgment when Govindasamy failed to provide any evidence supporting his affirmative defenses in support of his opposition to summary judgment.

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

---

[11] OCGA § 9-11-56 (c).

[12] *IH Riverdale, LLC v. McChesney Capital Partners, LLC*, 280 Ga. App. 9 (633 SE2d 382) (2006); *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

[13] *Cox v. Frost*, 147 Ga. App. 429, 429 (249 SE2d 145) (1978); see also *Capital Land USA*, supra ("[A]ppellants may not rest on general allegations to [appellee's] motion for summary judgment, but must come forward with specific facts to show there is a genuine issue for trial.") (punctuation and footnote omitted).

DECIDED JULY 22, 2011 —
RECONSIDERATION DENIED AUGUST 18, 2011 —

Elamurughu Govindasamy, *pro se.*
*Charles T. Day III*, for appellee.